FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2009 MAY 12 AM 8:34
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBERTO A. GUTIERREZ, | ) | |
| Petitioner, | ) | |
| v. | ) | CV 109-003 |
| | ) | (Formerly CR 105-71) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Petitioner Roberto A. Gutierrez, an inmate presently confined at the United States Penitentiary in Atlanta, Georgia, has filed with this Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The matter is now before the Court on Respondent's motion to dismiss Petitioner's § 2255 motion as untimely, (doc. no. 4), which Petitioner opposes, (doc. no. 6). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **DENIED**, (doc. no. 4), and that Petitioner's motion to hold his § 2255 motion in abeyance be **DENIED**, (doc. no. 2).

### I. DISCUSSION

**A.    Procedural Background**

On June 7, 2005, a federal grand jury indicted Petitioner on one count of assault and two counts of cruelty to a child in violation of 18 U.S.C. §§ 7, 13, & 113(a) and O.C.G.A. §§ 16-5-70(a) & (b). See United States v. Francisco-Gutierrez, CR 105-071, doc. no. 1 (S.D. Ga. June 7, 2005) (hereinafter "CR 105-071"). A superseding indictment was issued against

Petitioner on July 14, 2005, charging Petitioner with the same counts noted above and an additional count of cruelty to a child. CR 105-071, doc. no. 32. Petitioner proceeded to trial, and on February 16, 2006, a jury convicted Petitioner on all counts. Id., doc. no. 74. On August 16, 2006, the Honorable Dudley H. Bowen, Jr., United States District Judge, sentenced Petitioner to 84 months of imprisonment and 3 years of supervised release and imposed a fine of $3,600 and a special assessment of $100. Id., doc. nos. 84, 87. Petitioner filed a timely notice of appeal, and on September 21, 2007, the Eleventh Circuit affirmed Petitioner's conviction and sentence. United States v. Francisco-Gutierrez, 249 Fed. App'x 135, 145 (11th Cir. Sept. 21, 2007); see also doc. no. 4, Ex. A. Petitioner did not file a petition for rehearing with the Eleventh Circuit or a petition for a writ of certiorari with the United States Supreme Court.

Petitioner signed the instant § 2255 motion on December 22, 2008, and originally deposited it in the prison mailing system that same day. Apparently, one of the mail room workers at the prison misinformed Petitioner of the necessary amount of postage, and the mail was returned from the post office on December 29, 2008, for insufficient postage. (Doc. no. 6, p. 3). Petitioner states that he added the requisite postage to his mailing and re-deposited it in the prison mailing system that same day. (Id.). Petitioner's motion is deemed filed the date on the date of delivery to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988); Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (*per curiam*) ("[A] *pro se* prisoner's motion to vacate is deemed filed the date it is delivered to prison authorities for mailing."). In this case, there are two possible dates of delivery: December 22, 2008, the date the motion was mailed with insufficient postage, and December 29, 2008, the date the motion was mailed with the correct amount of postage. Despite Respondent's contention that

2

Petitioner's § 2255 motion is untimely regardless of which date is used, under the circumstances of this case, the date Petitioner's § 2255 motion is deemed filed in fact makes a difference, and the Court undertakes a more extensive analysis of this issue below.

**B.     Statute of Limitations**

28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions. According to the AEDPA, the statute of limitations period shall run from the latest of four possible dates:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Apart from the possible starting dates outlined above, the Eleventh Circuit has held that the statute of limitations in § 2255 is subject to equitable tolling as well. Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). Equitable tolling can be applied when "extraordinary circumstances that are both beyond [a petitioner's] control and unavoidable even with diligence" have worked to prevent a timely filing. Id. (citing Drew v. Dep't of Corrs., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). Nonetheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly

3

extraordinary circumstances." Johnson, 340 F.3d at 1226. Petitioner bears the burden of proving his entitlement to such equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002) (*per curiam*), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; Petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418-19 (2005)).

C.  **Petitioner's § 2255 Motion is Timely**

Here, the Eleventh Circuit affirmed Petitioner's conviction on September 21, 2007.[1] Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court within the ninety day time limit set by United States Supreme Court Rule 13(1). Thus, Petitioner's convictions became final ninety days after September 21, 2007, or on December 20, 2007. See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("'[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.'") (citing Clay v. United States, 537 U.S. 522, 525 (2003)); Kaufmann v. United States, 282 F.3d 1336, 1337-38 (11th Cir. 2002). Accordingly, Petitioner had one year from December 20, 2007, within which to file a timely § 2255 motion.

---

[1] Petitioner states in his § 2255 motion that his conviction was affirmed by the Eleventh Circuit in October 2007. (Doc. no. 1, p. 2). However, this date is actually the date the appellate court issued its opinion as mandate, (see CR 105-071, doc. no. 98), and this date has no bearing on when Petitioner may file for a writ of certiorari to the United States Supreme Court. See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003). Nor is it relevant in determining when Petitioner's conviction became "final" for purposes of § 2255. See Clay v. United States, 537 U.S. 522, 525-26 (2003).

In determining whether Petitioner's § 2255 motion is timely, the Court must resolve two important issues: (1) the date on which the one-year period of limitations expired, and (2) the date on which Petitioner's motion is deemed filed. As to the first issue, the Eleventh Circuit has indicated that the limitations period under the AEDPA "should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run." Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (citing Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)). The majority of the courts to consider the issue also use the "anniversary method" to calculate the statute of limitations under the AEDPA. See United States v. Hurst, 320 F.3d 1256, 1260-61 (10th Cir. 2003); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); Bronaugh v. Ohio, 235 F.3d 280, 284-85 (6th Cir. 2000); Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000); Rogers v. United States, 180 F.3d 349, 355 & n.13 (1st Cir. 1999); Moore v. United States, 173 F.3d 1131, 1133-35 (8th Cir. 1999); Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998); Mickens v. United States, 148 F.3d 145, 148 (2d Cir. 1998). Accordingly, "[a] motion presented to the court on the anniversary date of a triggering event is within the '1-year period of limitation' set out in § 2255 . . . ." Hurst, 322 F.3d at 1261.

Accordingly, Petitioner had until December 20, 2008, the anniversary of the date the statute of limitations began to run, to file his § 2255 motion. However, December 20, 2008, fell on a Saturday, and Federal Rule of Civil Procedure 6(a) provides that when a filing deadline or the last day for calculating a time period falls on a Saturday, Sunday, or legal holiday, the deadline is extended "until the end of the next day that is not a Saturday, Sunday,

[or] legal holiday . . . ." Fed. R. Civ. P. 6(a)(3).² Here, the next day after December 20, 2008, that was not a Saturday, Sunday, or legal holiday was the next Monday, December 22, 2008, and thus Petitioner's deadline for filing his § 2255 motion was extended until that day.

Turning to the date on which Petitioner's motion should be deemed filed, the Court repeats the general proposition that an inmate's motion is deemed filed the date on the date of delivery to prison officials for mailing, Houston, 487 U.S. at 276; Adams, 173 F.3d at 1341. In this case, as noted above, there are two possible dates of delivery, December 22, 2008, and December 29, 2008. In determining which of these two dates should be used, the Court is guided by the Supreme Court's statement that an inmate generally "has no choice but to entrust the forwarding of his [legal documents] to prison authorities whom he cannot control or supervise and who may have every incentive to delay." Houston, 487 U.S. at 271. As a result, where circumstances beyond a prisoner's control delay filing, the Eleventh Circuit has indicated that it would be unjust to deprive a *pro se* litigant of "the opportunity to present his claim . . . ." Sanders v. United States, 113 F.3d 184, 187 (11th Cir. 1993). In this case, Petitioner first deposited his § 2255 motion in the prison mailing system on December 22, 2008. In mailing his motion, Petitioner relied on the prison mail room worker to inform him of the correct amount of postage, which turned out to be insufficient, resulting in Petitioner's mail being returned to him from the outside post office. In sum, it appears that this sequence

---

²The Federal Rules of Civil Procedure are applicable to habeas corpus proceedings "to the extent that the practice in those proceedings . . . is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases." Fed. R. Civ. P. 81(a)(4). In addition, Rule 12 of the Rules Governing Section 2255 Proceedings provides that "[t]he Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any other statutory provision or these rules, may be applied to a proceeding under these rules."

6

of events was beyond Petitioner's control, and the Court will not penalize him for justifiably relying on the information he received. Thus, the Court deems Petitioner's § 2255 motion as filed on December 22, 2008, the original date it was deposited in the prison mailing system. As the statute of limitations period extended until that day, Petitioner's § 2255 motion is timely, and the government's motion to dismiss should be denied. If this Report and Recommendation is adopted by the presiding District Judge as the opinion of the Court, Respondent should file its brief on the merits of the § 2255 motion within sixty (60) days of the adoption order.

D.   **Petitioner's Request for Abeyance**

Finally, Petitioner has filed a motion requesting that his § 2255 motion be held in abeyance until he can obtain a copy of his trial transcript and other "essential materials" from his trial counsel that he needs to proceed in this civil action. (Doc. no. 2, p. 1). He has also requested permission to amend his § 2255 motion upon receipt of those materials. (Doc. no. 6, p. 4). Petitioner's request for an abeyance while he gathers information he asserts is necessary to amend his § 2255 motion is improper. See Outler v. United States, 485 F.3d 1273, 1283 n.5 (11th Cir. 2007) ("[A] mere expression of a desire to assert unidentified claims, even if expressed prior to the expiration of the statute of limitations, may not warrant tolling the time bar."). Accordingly, Petitioner's motion for an abeyance is **DENIED**. (Doc. no. 2). If Petitioner wishes to amend the claims presented in § 2255 motion, he should file a motion to amend. At that time, the Court will consider whether Petitioner may amend his § 2255 motion under the applicable standards set forth in Federal Rule of Civil Procedure 15.

That said, the Court notes Petitioner's statement that he has attempted to obtain a copy of his trial transcript and other materials from his former counsel, Charles H.S. Lyons, III.

7

(See doc. no. 2). If this Report and Recommendation is adopted by the District Judge as the opinion of the Court, and if Mr. Lyons is in possession of the transcript and/or other related materials and wishes to let Petitioner have access to the same, Mr. Lyons is hereby authorized to send them to Petitioner at the following address: Roberto A. Gutierrez, Inmate No. 12331-021, United States Penitentiary-Atlanta, P.O. Box 150160, Atlanta, Georgia 30315.[3]

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **DENIED**, (doc. no. 4), and that Petitioner's motion to hold his § 2255 motion in abeyance be **DENIED**, (doc. no. 2). Should this recommendation be adopted as the opinion of the Court, Respondent should have sixty (60) days from the date of the adoption order to file its brief on the merits.

SO REPORTED and RECOMMENDED this 12th day of May, 2009, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3]The **CLERK** is **DIRECTED** to serve a copy of this Report and Recommendation on Mr. Charles H.S. Lyons, III, at his address of record at 336 Telfair Street, Augusta, Georgia 30901.