IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
2010 JUN 30 AM 8: 29
CLERK
SO. DIST. OF GA.

| | | |
|---|---|---|
| ROBERTO A. GUTIERREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 109-003 |
| | ) | (Formerly CR105-071) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Roberto A. Gutierrez, an inmate currently incarcerated at the United States Penitentiary in Atlanta, Georgia, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED** without an evidentiary hearing, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

On June 7, 2005, a federal grand jury indicted Petitioner on one count of assault and two counts of cruelty to a child in violation of 18 U.S.C. §§ 7, 13 & 113(a) and O.C.G.A. §§ 16-5-70(a) & (b). See United States v. Francisco-Gutierrez, CR 105-071, doc. no. 1 (S.D. Ga. June 7, 2005) (hereinafter "CR 105-071"). A superseding indictment was issued on July 14, 2005, charging Petitioner with the same counts noted above and an additional count of

cruelty to a child. CR 105-071, doc. no. 32.[1] Petitioner proceeded to trial, and on February 16, 2006, a jury convicted Petitioner on all counts. Id., doc. no. 74.

Prior to Petitioner's sentencing, the United States Probation Office prepared a Pre-Sentence Investigation Report ("PSI"), which recommended that Petitioner receive the mandatory minimum sentence of 60 months of imprisonment under the advisory United States Sentencing Guidelines ("Sentencing Guidelines"). (PSI ¶ 55.) However, at the sentencing hearing on August 16, 2006, the Honorable Dudley H. Bowen, Jr., United States District Judge, found that the Sentencing Guidelines did "not adequately reflect the appropriate societal response to the sort of conduct that is present in this case. A 60-month sentence would not reflect the level of revulsion that society would hold for such conduct." CR 105-071, doc. no. 93, p. 35 ("Sent. Tr."). Accordingly, Judge Bowen upwardly departed from the recommended sentence and sentenced Petitioner to 84 months of imprisonment. Id., doc. nos. 84, 87.

Following the imposition of his sentence, Petitioner filed a direct appeal. See generally United States v. Francisco-Gutierrez, 249 F. App'x 135 (11th Cir. 2007); see also doc. no. 4, Ex. A. On appeal, Petitioner argued, *inter alia*, that the evidence at trial was insufficient to convict him of assault. Francisco-Gutierrez, 249 F. App'x at 139. The Eleventh Circuit rejected this argument, finding as follows:

---

[1]The first count of cruelty to a child (Count 2 of the superceding indictment) alleged that Petitioner had deprived his child of necessary sustenance, while the other two counts of cruelty to a child (Counts 3 and 4 of the superceding indictment) alleged that Petitioner failed to seek necessary medical attention for his child on two separate occasions. CR 105-071, doc. no. 32, pp. 2-3.

2

> Here, we first conclude that there is ample evidence to support [Petitioner's] assault conviction. [Petitioner] was not only taking care of C.G. [Petitioner's daughter and the victim] immediately before his wife discovered the baby's swollen arm, but was reluctant to take C.G. to the hospital. [Petitioner] did not dispute that C.G. had the charged broken arm, but gave different explanations for the injury before and during the investigation. Specifically, [Petitioner] told his wife that C.G. was merely sore, told his neighbor that C.G. had suffered a bug bite and told doctors and investigators that C.G. had fallen out of the car seat on the couch and onto the floor. Expert testimony by doctors indicated that C.G.'s arm fractures were the result of a direct blow and twisting motion and were inconsistent with the explanation [Petitioner] had given them. Doctors also testified that they believed C.G.'s injury was due to abuse given the nature of the injury and C.G.'s very young age. This evidence considered cumulatively was sufficient for a jury to conclude that [Petitioner] caused C.G.'s arm fractures.

Id. at 140. The Eleventh Circuit went on to reject Petitioner's other arguments and accordingly affirmed Petitioner's conviction. Id. at 145.

Petitioner then filed the instant § 2255 motion, asserting the following claims as grounds for relief: (1) trial counsel was ineffective for failing to object to statements made by a key government witness;[2] (2) trial counsel was ineffective for failing to file a motion for new trial when requested to do so; and (3) appellate counsel was ineffective for failing to challenge on appeal the sufficiency of the evidence supporting Petitioner's convictions.[3] (Doc. no. 1, p. 4.) After filing his original § 2255 motion, Petitioner attempted to amend his motion several times. (Doc. nos. 13, 15.) Notably, one of Petitioner's proposed claims

---

[2]Although Petitioner referred to multiple "key government witnesses" in his original § 2255 motion (see doc. no. 1, p. 4), his supporting memorandum takes issue with statements made by a single government witness, Ms. Karen Perrin (see doc. no. 35, pp. 1-2). Accordingly, the Court limits its analysis with respect to this particular claim to the statements made by Ms. Perrin.

[3]While Petitioner referenced a single conviction in his original § 2255 motion (see doc. no. 1, p. 4), as noted above, Petitioner was convicted on all counts of the indictment.

3

challenged his sentencing enhancement for obstruction of justice, which was based on testimony at trial from Ms. Karen Perrin, who testified that Petitioner made threatening comments to her after hearing about her statements to investigators regarding her concerns about Petitioner's care for his child. CR 105-071, doc. no. 92, pp. 243-44, 247-48. (hereinafter "Trial Tr."). However, the undersigned denied Petitioner's requests to amend, as well as his requests for reconsideration. (See doc. nos. 19, 21, 24, 34.)

That said, because Petitioner had previously made various references to his intention to file a memorandum and other arguments in support of the claims made in his § 2255 motion (see doc. no. 2, p. 2; doc. no. 11, p. 1), the Court provided Petitioner with an opportunity to file his supporting memorandum and any additional evidence (see doc. no. 34, pp. 10-11). However, Petitioner was specifically cautioned that he was not being given permission to file an amended or supplemental § 2255 motion and that any memorandum and evidence submitted must pertain only to those ineffective assistance of counsel claims originally asserted in his § 2255 motion. (Id. at 11.) Petitioner has filed his memorandum, which, contrary to the Court's instructions, includes claims not previously asserted in his original § 2255 motion. (See doc. no. 35.) As one of these new claims, it appears that Petitioner has attempted to "bootstrap" his challenge to his sentencing enhancement noted above to his claim that counsel was ineffective for failing to object to certain statements by a key government witness, Ms. Perrin. (See id. at 1-2.) The Court will address this additional issue only to the extent necessary to analyze Petitioner's original claim that counsel was ineffective for failing to object to certain statements made by Ms. Perrin; otherwise, all other new claims that Petitioner has attempted to assert in his memorandum

4

will not be considered. As Respondent has filed its response to the § 2255 motion, to which Petitioner has replied (doc. nos. 36, 37), the matter is now ripe for disposition, and the Court resolves the matter as follows.

## II. DISCUSSION

### A. No Need for Evidentiary Hearing

In regard to Petitioner's request for an evidentiary hearing, the Eleventh Circuit follows the general rule "that effective assistance claims will not be addressed on direct appeal from a criminal conviction because an evidentiary hearing, available in a section 2255 proceeding, is often required for development of an adequate record." Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). Nonetheless, this general rule does not require the Court to hold an evidentiary hearing every time an ineffective assistance of counsel claim is raised. Id. Stated another way:

> Notwithstanding this legislative mandate, it is well settled that a petitioner does not establish his right to a hearing by the simple expedient of filing a petition. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.

Stephens v. United States, 14 F. Supp. 2d 1322, 1334 (N.D. Ga. 1998) (citation omitted).

As discussed in detail below, the Court finds that Petitioner's claims are affirmatively contradicted by the record or otherwise without merit. Thus, no evidentiary hearing is necessary in this case, and Petitioner's request for an evidentiary hearing should be denied.

### B. Ineffective Assistance of Counsel Claims

As noted above, Petitioner has raised three claims of ineffective assistance of counsel in this action, two against trial counsel and one against appellate counsel. Before addressing

5

the merits of these claims, however, the Court sets forth the rules generally applicable to the analysis of claims of ineffective assistance of counsel.

### 1. Applicable Rules Explained

In order to establish ineffective assistance of counsel, Petitioner must meet a two-part test. Petitioner first must show that "counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). In applying this test, reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance[.]" Id. at 689; see also Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing "that petitioner was not entitled to error-free representation"). "A petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Second, Petitioner must establish prejudice by showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687.

As to appellate counsel, the Court's analysis under Strickland is further guided by the principle that appellate counsel is not ineffective when he fails to raise a frivolous argument on appeal. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992). Stated another way, appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit." Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984). Neither does the Sixth Amendment require appellate advocates to raise every non-frivolous issue. Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991).

In applying the Strickland components outlined above, "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." Id. at 616 (citing Strickland, 466 U.S. at 694-95). For as the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004).

"Given the strong presumption in favor of competence, the petitioner's burden of persuasion -- though the presumption is not insurmountable -- is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). As the Eleventh Circuit has succinctly stated, "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*). "[C]ases in which habeas petitioners can properly

prevail on the ground of ineffective assistance of counsel are few and far between." Id. at 1511.

Because determining whether Petitioner suffered prejudice hinges upon the validity of the underlying claims, Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990) and Miller v. Dugger, 858 F.2d 1536, 1538 (11th Cir. 1988), the Court will review the merits of the claims that form the basis of Petitioner's ineffective assistance allegations.

### 2. Claim Regarding Key Government Witness

The Court begins with Petitioner's claim that trial counsel was ineffective for failing to object to statements made by a key government witness and for failing to introduce evidence to impeach the witness.[4] Specifically, Petitioner identifies statements made by Karen Perrin, a neighbor of Petitioner's who had cared for the child on several occasions. (Doc. no. 35, pp. 1-2.) At trial, Ms. Perrin was called by the government to describe the lack of supplies Petitioner had provided her when he left his child in her care and the unsanitary condition of any supplies he did provide. Trial Tr., pp. 244-45. While Petitioner does not take issue with this testimony in his § 2255 motion, he does take issue with Ms. Perrin's testimony that after she had spoken with criminal investigators regarding what she believed to be neglect by Petitioner in caring for his child, Petitioner appeared at her door on February

---

[4]The Court is aware of Respondent's argument that Petitioner has impermissibly attempted to exceed the scope of his original claim regarding counsel's failure to object to certain statements made by a witness by including allegations that counsel also failed to introduce evidence to impeach the witness. (See doc. no. 36, p. 10.) While the Court acknowledges that Petitioner did not refer to any impeachment evidence in his original § 2255 motion, it will not give Petitioner's claim the constrained interpretation suggested by Respondent, especially where both allegations pertain to the same witness. Accordingly, the Court will consider both of these arguments in its analysis herein.

8

23, 2005, quoted her statements to investigators, and said, "When I find out who made the statement, I am going to hurt them." Id. at 243-44, 247-48.

Petitioner argues that counsel should have objected to this testimony regarding the February 23rd incident and should have introduced employment records, which Petitioner alleges demonstrate that he was at work on that day and thus could not have made the threatening statements as Ms. Perrin had testified. (Doc. no. 35, p. 2.) According to Petitioner, these errors relieved the government of its burden of proof with respect to the conviction for assaulting his daughter. (Id.) Petitioner further argues that had counsel objected to this testimony and introduced his employment records, he would have been convicted of the lesser offense of "simple assault," rather than "aggravated assault." (Id.)

Petitioner's argument is confusing to say the least. Indeed, as Respondent correctly points out, Ms. Perrin's testimony regarding her encounter with Petitioner on February 23, 2005, does not in any way "tend to inculpate him of the crimes against his daughter."[5] (Doc. no. 36, p. 11.) Rather, such statements are extraneous to the evidence supporting Petitioner's conviction for assaulting his daughter, which as recounted by the Eleventh Circuit, included the fact that Petitioner was caring for his child immediately before his wife discovered the injury; Petitioner's contradictory explanations to his wife, neighbors, doctors, and investigators regarding the cause of the child's injury; and expert medical testimony that the injury was due to abuse. See Francisco-Gutierrez, 249 F. App'x at 140. Thus, Petitioner's

---

[5]Notably, in its closing arguments at trial, the government did not argue that Ms. Perrin's testimony regarding the February 23rd incident provided substantive evidence supporting any particular count of the indictment. Rather, the government argued that Petitioner's conduct on February 23rd generally indicated the behavior of a guilty man, rather than an innocent man. FTR 10:09:57-10:10:24.

9

argument that the failure to object to Ms. Perrin's testimony regarding the February 23rd incident and the failure to introduce Petitioner's employment records somehow relieved the government of its burden of proof with respect to Petitioner's conviction for assaulting his daughter is without merit.

To the extent Petitioner has somehow equated the sentencing enhancement he received for obstruction of justice (which was based on the threatening comments Ms. Perrin testified to) as resulting in a conviction for aggravated assault, this argument also fails.[6] As explained above, Ms. Perrin's testimony regarding the threatening comments Petitioner made to her on February 23rd bear no relevance to his conviction for the assault of his daughter. Rather, they were used as the basis for Petitioner's sentencing enhancement for obstruction of justice under the Sentencing Guidelines, as stated in the PSI. (See PSI ¶ 29.)

Moreover, Petitioner cannot demonstrate, as required by Strickland, any prejudice resulting from counsel's alleged errors in not objecting to Ms. Perrin's testimony regarding the February 23rd incident and not introducing Petitioner's employment records. Indeed, Petitioner has not even produced the alleged records demonstrating that he was at work that day.[7] More importantly, however, even taking into consideration Petitioner's sentencing enhancement for obstruction of justice, Judge Bowen found that the recommended sentence

---

[6] As noted above, Petitioner previously attempted to amend his § 2255 motion to challenge this same sentencing enhancement. (Doc. no. 15, pp. 12-14.) However, Petitioner was denied permission to do so, and his attempt to "bootstrap" this claim challenging his sentence enhancement to his original claim regarding statements made by a key government witness is improper.

[7] The Court notes that even if these employment records do exist and in fact demonstrate that Petitioner was at work on February 23rd, this does not mean that Petitioner could not have been at Ms. Perrin's door at some point that day.

10

under the advisory Sentencing Guidelines of 60 months did "not adequately reflect the appropriate societal response to the sort of conduct that is present in this case. A 60-month sentence would not reflect the level of revulsion that society would hold for such conduct." Sent. Tr., p. 35. Accordingly, Judge Bowen upwardly departed from the advisory Sentencing Guidelines and sentenced Petitioner to 84 months of imprisonment. CR 105-071, doc. nos. 84, 87. Thus, the Court is not persuaded that, assuming *arguendo* that trial counsel should have objected to the testimony at issue and introduced Petitioner's employment records, Petitioner has suffered any prejudice as a result of these alleged errors, since Judge Bowen upwardly departed from the recommended sentence that had already taken into account the enhancement for obstruction of justice.

In sum, Petitioner's argument that counsel's conduct with respect to Ms. Perrin's testimony regarding Petitioner's threatening comments to her on February 23rd somehow resulted in a conviction for aggravated assault, as opposed to simple assault, is without merit, as such statements do not inculpate him of any crime against his daughter. Furthermore, Petitioner's attempt to bootstrap any challenge to his sentence enhancement to his original challenge to statements made by a key government witness is improper. Finally, even if the Court were to consider the merits of the sentencing enhancement challenge, it would provide no basis for relief because Petitioner cannot demonstrate any prejudice resulting from counsel's alleged errors. Thus, Petitioner's claim is without merit and provides no basis for relief.

### 3. Claim Regarding Motion for New Trial

The Court next turns to Petitioner's claim that trial counsel was ineffective for failing to file a motion for new trial when Petitioner requested that he do so. As Respondent correctly notes, in order to succeed on this claim, Petitioner must demonstrate a reasonable probability that the district court would have found "that the evidence so heavily preponderated against the jury's verdict that it would have been a miscarriage of justice for the verdict to stand." Butcher, 368 F.3d at 1298 (citation omitted). Here, Petitioner has failed to meet that burden.

Indeed, as noted above, the Eleventh Circuit found that there was "ample evidence" to support Petitioner's conviction for assault. Francisco-Gutierrez, 249 F. App'x at 140. Specifically, the appellate court pointed to the fact that Petitioner was caring for his daughter immediately before his wife discovered the swollen arm, as well as the contradictory explanations given by Petitioner to his wife, neighbor, doctors, and investigators as to the cause of his child's injury. Id. The Eleventh Circuit also noted the expert testimony that the injury the child suffered was a result of a direct blow and twisting motion, which was inconsistent with Petitioner's explanation for the injury. Id. Finally, the appellate court noted that doctors had also testified that the injury to Petitioner's child was due to abuse, given the nature of the injury and the child's young age. Id.

With respect to the convictions for cruelty to a child for failing to seek immediate and necessary medical attention (Counts 3 and 4), although Petitioner did not challenge these convictions on appeal, it is worth noting that the Eleventh Circuit recounted that Petitioner was reluctant to take the child to the hospital and that multiple doctors testified at trial that

the child had sustained several injuries which were in various stages of healing, indicating that the child had incurred other injuries (which had gone untreated) weeks prior to the most recent injury. Id. at 138, 140. With respect to the conviction for cruelty to a child for depriving the child of necessary sustenance (Count 2), again although not challenged by Petitioner on appeal, the Court notes that the Eleventh Circuit also recounted the testimony at trial from several of Petitioner's neighbors who testified that when Petitioner left the child in their care, Petitioner would often fail to provide bottles or diapers, and the child's bottles, clothes, blanket, and car seat were often dirty and had a bad odor. Id. at 137. Given this evidence, as recounted by the Eleventh Circuit, the Court is not persuaded that Petitioner has met his burden of demonstrating that "the evidence so heavily preponderated against the jury's verdict that it would have been a miscarriage of justice for the verdict to stand." Butcher, 368 F.3d at 1298.

The Court also notes that Petitioner's attorney filed a post-trial motion for judgment of acquittal, contending that the government had failed to prove Petitioner's guilt beyond a reasonable doubt. See CR 105-071, doc. no. 75. Judge Bowen denied the motion, finding that "the evidence supports the jury's verdict of guilty on all counts." Id., doc. no. 80, p. 1. In sum, given (1) the evidence at trial, as described by the Eleventh Circuit, (2) the fact that Petitioner's trial counsel filed a post-trial motion challenging the convictions, and (3) Judge Bowen's denial of that motion based on his finding that the evidence supported the jury's verdict, it cannot be said that counsel erred by failing to file a motion for a new trial. As counsel did not err in this respect, Petitioner cannot demonstrate that he has suffered any

prejudice as a result. Thus, this claim is also without merit and fails to provide a basis for relief.

### 4. Failure to Challenge the Sufficiency of the Evidence

Finally, the Court turns to Petitioner's claim that appellate counsel was ineffective for failing to argue on appeal that the evidence at trial was insufficient to support his convictions. However, as discussed above, appellate counsel did raise this argument on appeal with respect to Petitioner's assault conviction, and the Eleventh Circuit rejected it. Francisco-Gutierrez, 249 F. App'x at 140. While Petitioner may be dissatisfied with the fact that his challenge to the sufficiency of the evidence supporting his assault conviction was rejected by the appellate court, this outcome does not in any way demonstrate that appellate counsel was ineffective in this regard.

Furthermore, the Court notes that to the extent Petitioner is attempting to challenge the sufficiency of the evidence supporting his assault conviction through a claim of ineffective assistance of appellate counsel, the Eleventh Circuit has repeatedly held that claims that are raised and rejected on direct appeal are generally precluded from reconsideration in a § 2255 motion. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994); Edwards v. United States, 795 F.2d 958, 961 (11th Cir. 1986); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981) (*per curiam*). As the Seventh Circuit noted, "[W]e do not see how a federal prisoner--who must file his motion for relief under 2255 in the very court that convicted him--can be allowed to do so if all he is doing is rehashing a claim that had been rejected on the direct appeal." White v. United States, 371 F.3d 900, 902 (7th Cir. 2004). Nor will the

Court reconsider a previously raised claim where it is merely a re-characterization of an issue raised on direct appeal.[8] Nyhuis, 211 F.3d at 1343.

As noted above, the Eleventh Circuit has already concluded that the evidence was sufficient to support Petitioner's conviction for assaulting his daughter. Francisco-Gutierrez, 249 F. App'x at 140. Accordingly, the Court will not re-consider the issue simply because Petitioner has attempted to challenge the sufficiency of the evidence supporting this conviction through a claim of ineffective assistance of appellate counsel.

To the extent Petitioner contends that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence with respect to his convictions for cruelty to a child, the Court emphasizes that counsel is not ineffective for failing to raise a frivolous argument on appeal. Winfield, 960 F.2d at 974. As discussed above, the Eleventh Circuit took note of the evidence supporting these convictions, including Petitioner's reluctance to take his child to the hospital, the prior untreated injuries, and the testimony of Petitioner's neighbors regarding the inadequate and unsanitary supplies provided by Petitioner for the care of his child. Francisco-Gutierrez, 249 F. App'x at 137-38, 140. Given this evidence, it cannot be said that counsel erred by failing to challenge the sufficiency of the evidence with respect to Petitioner's convictions for cruelty to a child.

The Court is of course aware that Petitioner has attempted to change this argument regarding appellate counsel in his supporting memorandum to contend that counsel was ineffective for failing to challenge the evidence supporting his sentence enhancement for obstruction of justice, which was based on Ms. Perrin's testimony that Petitioner made

---

[8]Stated another way, simply putting a new name on an old issue will not suffice.

15

threatening comments to her after he heard about her statements to investigators.⁹ (See doc. no. 35, pp. 3-4.) However, as noted above, Petitioner was specifically instructed that the arguments contained in his supporting memorandum must only pertain to those ineffective assistance of counsel claims asserted in his original § 2255 motion. (Doc. no. 34, p. 11.) Petitioner's original motion specifically contended that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence supporting his convictions. (Doc. no. 1, p. 4.) Nowhere in his original motion did Petitioner even allude to challenges to his sentence. To the extent Petitioner has attempted to "bootstrap" a challenge to his sentencing enhancement to his challenge to statements by a key government witness (Ms. Perrin), as explained in footnote 6 above, such an attempt is improper. In any event, because Petitioner's claim regarding appellate counsel's failure to challenge the sufficiency of the evidence supporting a *sentence* enhancement exceeds the scope of his claim in his original § 2255 motion that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence supporting Petitioner's *convictions*, and because Petitioner has not been granted permission to amend his § 2255 motion, the Court need not consider this proposed claim further.

In sum, Petitioner's argument that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence supporting his assault conviction is affirmatively contradicted by the record, since counsel in fact presented that allegation of error on appeal.

---

⁹Given the fact that Petitioner's counsel did challenge the sufficiency of the evidence as to the assault conviction on appeal, as well as the evidence supporting the convictions for cruelty to a child (as recounted by the Eleventh Circuit), it is not surprising that Petitioner has abandoned his original argument in favor of one regarding the sufficiency of the evidence supporting his sentencing enhancement for obstruction of justice.

Furthermore, to the extent Petitioner is attempting to challenge the sufficiency of the evidence supporting his assault conviction through a claim of ineffective assistance of counsel, the Eleventh Circuit has already found that there was sufficient evidence to support this conviction, and the Court will not re-consider the issue. Finally, the Court finds that counsel did not err in failing to challenge the sufficiency of the evidence with respect to his other convictions for cruelty to a child. As counsel did not err in these respects, it cannot be said that Petitioner has suffered any prejudice as a result. Accordingly, these claims are without merit and also fail to provide a basis for relief.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED** without an evidentiary hearing, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 24th day of June, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE